## Rivera v. The Registrar of Property.

### Appeal from a decision of the Registrar of Property of Caguas.

No. 94.—Decided March 26, 1911.

Record—Capacity of Parties to a Deed.—It is the duty of registrars to determine the capacity of the parties to an instrument by what appears from the document presented to them for admission to record, and if from the same it should appear that the vendor is a widower and his civil status is not stated in the registry, the registrar being unable to determine the capacity of said vendor because of his inability to decide as to whether or not the estate was acquired during his marriage, the record must be withheld.

The facts are stated in the opinion.

*Mr. Vicente F. Rodríguez Ortiz* for appellant.

Mr. Justice del Toro delivered the opinion of the court.

José Antonio Ayala y Rodríguez, as the attorney in fact of his father, Antonio Ayala y Rodríguez, and Leandro Ramos, presented for record in the Registry of Property of Caguas a deed of sale of a rural property, numbered 27, executed in Coamo on February 19, 1891, before Notary Public Felipe Rodríguez, and the registrar refused to admit the said deed to record, stating his reasons therefor in the following decision, from which this appeal was taken:

"The foregoing document is denied admission to record on account of the incurable defect that the civil status of the vendor, José Antonio Ayala y Rodríguez, is not stated in the registry, and it appearing from the title that the said vendor is a widower his capacity cannot be determined because it might be, as is very probable, that the said property was acquired by him during his marriage, and in that case the contract of sale which it is sought to record would be null and void. A cautionary notice for 120 days has been entered on folio 211 of volume 19 of Barros, property No. 1175, entry letter A; and the further curable defect is noted that the boundaries on the four cardinal points of the two parcels of land which it is sought to consolidate are not given in the deed."

After a careful consideration of the case, we are of the opinion that the refusal of the registrar to record the deed is well founded.

Article 18 of the Mortgage Law imposes upon registrars the duty of determining, under their responsibility, the legality of deeds by virtue of which records are sought, and the capacity of the parties executing the same by what appears from the documents themselves.

Various constructions have been placed upon the phrase ''by what appears from said documents,'' employed in article 18 of the law, says Galindo in his *Legislación Hipotecaria,* volume 2, page 10, to determine to what data the registrar must confine himself in classifying a document or determining the capacity of the parties executing the same. He then expresses his opinion, supported by the decisions of the General Directorate of Registries, in the following language:

> ''In our opinion, by the use of the phrase 'from what appears from the documents,' the only purpose of the law was to prevent the registrar from basing his conclusions upon private information in determining the capacity of the parties to deeds, although he might be certain from his own knowledge that the contents of a document were untrue, and it is so held by the decisions of May 4, 1883, and June 18, 1898. But this does not mean that in any case the registrar must accept the capacity of the parties as proven merely because it is so stated by the notary. See the decision of March 30, 1898, holding that even where a notary affirms that in his judgment a widower has the necessary capacity to sell a property, the registrar may, and it is his duty to, refuse to record the deed if it appears from the registry that the property was acquired for a valuable consideration during the marriage of the widower.''

If the vendor in the present case really has the necessary capacity to execute the deed it will be very easy for him to show that fact; and when the legal obstacle is removed the record can be made without any difficulty whatever.

The appeal must be dismissed and the decision appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.